IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID F. LAIRD                                                                                    PLAINTIFF

V.                                       NO. 14-5184

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, David F. Laird, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff filed his current application for DIB on May 9, 2011, alleging an inability to work since February 2, 2011, due to abdominal surgeries – hernias; ulcerative colitis; ileostomy; eight abdominal surgeries; and three hernias. (Tr. 146-149, 176, 180).  An administrative hearing was held on May 22, 2012, at which Plaintiff appeared with counsel, and he and his wife testified. (Tr. 57-88).

By written decision dated October 4, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – ulcerative colitis, status/post colectomy and ileostomy, chronic cholecystitis, obesity, major depression, and generalized anxiety. (Tr. 25).  However, after reviewing all of the evidence

1

presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 26). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> performسedentary work as defined in 20 CFR 404.1567(a) except he is limited to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. The claimant is further limited to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct and concrete.

(Tr. 27). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff would be able to perform, such as surveillance system monitor and fishing reel assembler. (Tr. 33).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 22, 2014. (Tr. 6-9). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 8).

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the

record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See

3

20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following issues in this matter:  1) Whether the ALJ erred in failing to fully and fairly develop the record; 2) Whether the ALJ erred in his credibility findings;  3) Whether the ALJ erred in failing to include Plaintiff's spine impairment as a severe impairment; 4) Whether the ALJ erred in failing to evaluate Plaintiff's obesity properly; 5) Whether the ALJ erred in his RFC determination; and 6) Whether the ALJ erred in relying on the VE. (Doc. 7).

#### A.   Severe Impairments:

Plaintiff argues that the ALJ erred in evaluating Plaintiff's spine impairment as non-severe.  An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. § § 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

The record reveals that on March 31, 2010, prior to the onset date, Plaintiff presented himself to Dr. Scott Burch, complaining of chronic back pain. (Tr. 304).  Dr. Burch suspected his back pain would not get better with conservative measures, and gave him a

4

"Care of the Back" book, for him to try some stretching exercises, and Mobic, an anti-inflammatory, for a month, and Flexeril to use at bedtime. (Tr. 304). An MRI of the Lumbar Spine without contrast was performed on April 5, 2010, which revealed disc degeneration at L2-3 with minimal diffuse disc bulging and very slight bilateral neural foraminal encroachment but no central canal stenosis or focal disc herniation; focal central annular tear at L3-4 with a small focal central disc herniation encroaching on the thecal sac slightly; left posterior annular tear at L4-5 with a far lateral left sided intraforaminal small disc herniation suspected encroaching on the neural foramen on the left; and small focal central annular tear at L5-S1 with a small disc herniation encroaching on the anterior epidural fat and possible slightly encroaching on the right S1 nerve root at this level. (Tr. 307-308). On April 9, 2010, which is once again, prior to the onset date, Plaintiff presented himself to Dr. Stephen Johnson, and reported that he was much better. (Tr. 303). Dr. Johnson's impression was possible S1 lumbar radiculopathy, improved. Plaintiff indicated that he was doing some exercises from the "back book" that seemed to be helping, and did not want to do anything further at that time. (Tr. 303). Plaintiff has made no showing that after the relevant time period began, his spine impairment would have more than a minimal effect on Plaintiff's ability to perform a limited range of sedentary work.

### B. Obesity:

Plaintiff argues that the ALJ did not take his obesity into consideration in arriving at his RFC determination. On the contrary, the ALJ specifically discussed Plaintiff's obesity in his decision as follows:

> There are no Listing criteria in Appendix 1 specific to the evaluation of obesity impairments. However, SSR-02-1p requires consideration of obesity in determining whether a claimant has medically determinable impairments that are severe, whether those impairments meet or equal any listing, and

5

> finally in determining the residual functional capacity. Obesity may have an adverse impact upon co-existing conditions. Therefore, obesity has been considered and the limitations associated with said obesity incorporated in the below residual functional capacity.

(Tr. 26).

The Court finds Plaintiff's argument regarding obesity to be without merit.

### C.     Credibility Findings:

Plaintiff argues that the ALJ did not point to a single item of medical evidence that was inconsistent with Plaintiff's testimony. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC. (Tr. 29). The ALJ discussed Plaintiff's daily activities, finding that he had mild restriction in his activities of daily living. (Tr. 26). He noted that Plaintiff was able to take care of his personal needs, help with some chores such as washing dishes, but could not vacuum or do any tasks that involved lifting, pulling,

or straining; could drive but was limited in how long he could sit due to his ileostomy; could shop with his wife; and his wife handled the finances. (Tr. 26). The ALJ indicated that Plaintiff was told by Dr. Michael Rogers on March 16, 2011, to consider retraining, as his previous work involved manual labor. (Tr. 29). He also addressed the fact that Plaintiff was told to walk as much as he could to prevent weight gain, and that Plaintiff indicated he tried to walk once or twice a week for 15 to 20 minutes at a time. Plaintiff also reported that he had called Arkansas Rehabilitation Services to see about vocational rehabilitation but they had not returned his calls. (Tr. 29). The ALJ further noted that medication helped Plaintiff's depression. (Tr. 29). The ALJ reported that Dr. Salmon, one of Plaintiff's treating physicians, recommended that Plaintiff pursue vocational rehabilitation, which is inconsistent with the severe limitations Dr. Salmon noted. (Tr. 30, 376).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**D.     RFC Determination:**

Plaintiff argues that the ALJ did not give good reasons for rejecting the treating source opinion evidence. On July 26, 2011, non-examining consultant, Dr. Jonathan Norcross, completed a Physical RFC Assessment, and concluded Plaintiff could perform sedentary work. (Tr. 331-338). On September 30, 2011, Dr. Robert Redd agreed with Dr. Norcross' assessment. (Tr. 353). On May 4, 2012, Dr. Salmon completed an "Attending Physician Statement." (Tr. 367). In the statement, Dr. Salmon concluded that Plaintiff could sit, stand, and walk one hour intermittently; climb, reach above shoulder level, and operate a motor vehicle; could not twist/bend/stoop; could never lift anything secondary to recurrent hernia repairs; could perform repetitively fine finger movements and eye/hand movements

7

with his right hand but could not push/pull with his right hand; could repetitively perform fine finger movements and eye/hand movements with his left hand but no push/pull with his left hand; and could not lift, pull, bend, or twist.  (Tr. 368).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent with other substantial evidence in the record."  Andrews v. Colvin, No. 14-3012, 2015 WL

8

4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id. "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id

In his decision, the ALJ found that Plaintiff had the RFC to perform unskilled sedentary work with certain limitations. (Tr. 27). He also addressed all of the medical records, including the statement provided by Dr. Salmon. The ALJ gave Dr. Salmon's opinion little weight, finding there was no objective evidence of record which supported such severe limitations. (Tr. 30). The ALJ also noted the gap of treatment by Dr. Salmon between September 16, 2011, and April of 2012, and that Dr. Salmon's recommendation that Plaintiff pursue vocational rehabilitation was inconsistent with the severe limitations he noted. (Tr. 30). The ALJ concurred with the opinions of the state agency medical consultants, but added some postural limitations because of the number of abdominal surgeries Plaintiff has undergone. (Tr. 31). The ALJ also found Plaintiff to be more limited by his mental impairments than determined by the state agency consultants. (Tr. 31).

The Court finds, based upon the record as a whole, that there is substantial evidence to support the ALJ's RFC determination and the weight he gave to the opinions of the various physicians.

**E.     Failure to Fully and Fairly Develop the Record:**

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

Plaintiff argues that the record was not fully developed when Dr. Norcross completed his RFC Assessment. Subsequent to Dr. Norcross' assessment, on September 14, 2011, Dr. Michael Rogers reported that Plaintiff was "doing well" but was gaining weight rapidly. (Tr. 342). Plaintiff's ileostomy was functioning well and he had no abdominal complaints. (Tr. 342). There had been no recurrence of his previously noted hernia. On September 16, 2011, Dr. Salmon saw Plaintiff, who was complaining of abdominal bloating. (Tr. 341). Plaintiff

10

was placed on a medication and Dr. Salmon recommended Plaintiff increase his physical activity to "at least an hour." (Tr. 341). On September 26, 2011, a Psychiatric Review Technique form was completed by a non-examining consultant. (Tr. 314). Thereafter, a Case Analysis was filed, and Plaintiff saw Dr. Salmon on April 20, 2012, and May 4, 2012. (Tr. 364, 376). Neither of Dr. Salmon's reports from those dates reveal any further disabling conditions, and the Court believes that even if they had been available to Dr. Norcross, it would not have changed his assessment.

The Court finds, based upon the record as a whole, that the medical sources contained sufficient evidence for the ALJ to make a determination.

### F.     Reliance on VE Testimony:

Plaintiff argues that the Fort Smith ODAR ALJs have instructed the vocational experts to no longer present surveillance system monitor as a viable response to VE hypotheticals, and that the VE testified that the remaining job – fishing reel assembler – was SVP 3, which is not unskilled. It is true that the ALJ's hypothetical referenced unskilled work. Contrary to the VE's testimony, however, is the fact that the position of fishing reel assembler, DOT 732.684-062, is, in fact, SVP 2, which is unskilled. Therefore, even though the VE incorrectly stated that the position is SVP 3, in reality, it is SVP 2, and is an appropriate job for the Plaintiff to be able to perform. Therefore, even if the Court were to remove surveillance system monitor as an available job, the fishing reel assembler position would still be available. Accordingly, Plaintiff's argument is without merit.

### V.     Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 2nd day of September, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE